# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### CIVIL ACTION NO. 3:26-CV-00284-KDB-WCM

| | |
|---|---|
| VICTORA MOBLEY,<br><br>**Plaintiff,**<br><br>v.<br><br>CENTRAL INTELLIGENCE<br>AGENCY,<br><br>**Defendant.** | **MEMORANDUM AND ORDER** |

**THIS MATTER** is before the Court on Plaintiff's Motion to Proceed In Forma Pauperis ("IFP") (Doc. No. 2). For the reasons discussed below, the Court will GRANT the Motion for the limited purpose of conducting an initial review but DISMISS Plaintiff's Complaint without prejudice after conducting that review.

## I.      Plaintiff's Motion to Proceed IFP

"The federal in forma pauperis statute, enacted in 1892 and presently codified as 28 U.S.C. § 1915, is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (quoting *Adkins v. E.I. DuPont de Nemours & Co*., 335 U.S. 331, 342-43 (1948)). To achieve its goal, the IFP statute "allows a litigant to commence a civil or criminal action in federal court in forma pauperis by filing in good faith an affidavit stating … that he is unable to pay the costs of a lawsuit." *Id*. In her IFP motion, Plaintiff states that she currently has no job, little income and no expenses. She also does not list any assets. While the affidavit lacks information that the Court would expect in a comprehensive financial affidavit,

1

it appears likely that Plaintiff's expenses exceed her income, and the Court finds that she does not have assets that would allow her to pay for these proceedings. *See* Doc. No. 2.

Based on these representations, the Court will conditionally grant the motion and permit Plaintiff to proceed IFP solely for the limited purposes of this initial review.

## II. Initial Review

Because Plaintiff is proceeding IFP, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. *Neitzke*, 490 U.S. at 327-28. Furthermore, a pro se complaint must be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the Complaint which set forth a claim that is cognizable under federal law. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

Here, Plaintiff has sued the Central Intelligence Agency for violating various federal regulations. Specifically, Plaintiff asserts a lengthy list of incredible claims involving killing at least two people, harassing Plaintiff at numerous locations, placing a snake in her residence, etc., all without any explanation as to why the Agency has allegedly done all this to her. *See* Doc. No. 1. With all due respect to Plaintiff, the Court finds that Plaintiff's Complaint fails a frivolity review and must be dismissed because of the nature of the Plaintiff's allegations and the absence of corroborating evidence.

NOW THEREFORE IT IS ORDERED THAT:

1. Plaintiff's IFP motion (Doc. No. 2) is GRANTED for purposes of this Order;

2

2. Plaintiff's Complaint is DISMISSED without prejudice; and

3. The Clerk is directed to close this matter in accordance with this Order.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: May 1, 2026

Kenneth D. Bell
United States District Judge